Filed 10/25/22  P. v. Richardson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIE RICHARDSON III,<br><br>    Defendant and Appellant. | A161794<br><br>(Contra Costa County<br>Super. Ct. No. 05-000409-3) |

MEMORANDUM OPINION[1]

Defendant Willie Richardson III was convicted of two counts of attempted murder after a jury trial.  In 2020, he petitioned for resentencing under former Penal Code[2] section 1170.95, renumbered section 1172.6.[3]  The

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1 because this appeal "is determined by a controlling statute which is not challenged for unconstitutionality and does not present any substantial question of interpretation or application."  In addition, the parties apparently agree the matter must be remanded for further proceedings.

[2] All statutory references are to the Penal Code.

[3] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10, eff. June 30, 2022; Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

trial court summarily denied his petition and Richardson appealed. After the matter was fully briefed in this court, the Legislature enacted Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), which extended section 1172.6 to persons convicted of attempted murder. For reasons discussed in this opinion, we reverse and remand for further proceedings in accordance with section 1172.6.

## BACKGROUND

We do not recite any facts of the underlying crime as there are no facts available to us in the record on appeal and the only issue in the case is one of pure statutory law.

Defendant was charged by information filed on April 4, 2000, with two counts of attempted murder (§§ 187, subd. (a)/664, subd. (a), counts 1 and 2); carjacking (§ 215, subd. (a), count 3); first degree robbery (count 4: §§ 211/212.5, subd. (a)); assault with a deadly weapon likely to produce great bodily injury (§ 245, subd. (a)(1), count 5); and kidnapping for robbery (§ 209, subd. (b), count 6). The information also charged multiple enhancements for intentionally discharging a firearm causing great bodily injury, personal use of a firearm, personally inflicting great bodily harm, and committing offenses while on bail and on own recognizance. After a jury trial, defendant was found guilty of both counts of attempted murder, carjacking, assault with a deadly weapon, and kidnapping. Several enhancements were found true, including that defendant personally and intentionally discharged a firearm causing great bodily injury in the commission of the attempted murders, carjacking, and kidnapping. He was acquitted of residential robbery. He was sentenced to life on count one with a sentence of 25-years-to-life for the firearm enhancement. The sentences on the other counts were made concurrent or stayed.

2

On June 15, 2020, defendant filed a petition for resentencing under former section 1170.95. The trial court denied the petition, finding defendant failed to state a prima facie case for relief because resentencing relief was not available for attempted murder convictions under the former statute. Defendant timely appealed.

After defendant filed his appeal, the Legislature enacted Senate Bill 775, which amended former section 1170.95 to permit persons convicted of attempted murder or manslaughter under a theory of felony murder or the natural and probable consequences doctrine to petition for resentencing. (Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

In its respondent's brief on appeal, the Attorney General noted Senate Bill 775 would become effective on January 1, 2022, and requested we stay the appeal and remand to the trial court to consider, after that date, whether defendant is entitled to relief under Senate Bill 775. In his reply brief, defendant agreed. On December 8, 2021, we issued a stay, remanding the matter to the trial court with directions to consider, after January 1, 2022, whether Senate Bill 775 altered its conclusion defendant was not entitled to relief. We directed the parties to provide status reports to this court every 90 days thereafter.

After three rounds of status reports, the matter still has not been determined on remand. On September 22, 2022, this court issued a request for supplemental briefing, asking the parties to address whether, in light of the substantial length of time the case has been pending, we should dismiss the appeal as moot without prejudice to defendant's right to reassert any claims raised in the present appeal. Defendant filed a supplemental letter brief arguing the case is not moot and urging this court to reverse the judgment and remand for further proceedings as other courts have done in

similar cases.  (See, e.g., *People v. Whitson* (2022) 79 Cal.App.5th 22, 33, 36; *People v. Porter* (2022) 73 Cal.App.5th 644, 652–653.)  The Attorney General filed no supplemental brief or response and apparently does not object to such a resolution of this appeal.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)  It also added former section 1170.95, which "provid[ed] a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Ibid.*)

Effective January 1, 2022, Senate Bill 775 amended former section 1170.95 (now section 1172.6) to permit defendants convicted of attempted murder under a natural and probable consequences theory to petition for resentencing.  (Stats. 2021, ch. 551, §§ 1, subd. (a), 2.)  Defendant's appeal was not final as of that date, so he is entitled to the benefit of the new provisions in section 1172.6.  (*People v. Porter, supra,* 73 Cal.App.5th at p. 652.)  Accordingly, we reverse and remand for further proceedings.  We express no opinion on how the petition should ultimately be resolved.[4]

---

[4] In light of our resolution of this appeal, we do not address the parties' arguments raised in their briefs on appeal as to whether defendant's petition is facially deficient.  Based on information contained in the parties' status reports, this issue may be moot in any event because defendant has filed an amended petition in the trial court as we stated in our stay order he was entitled to do.

## DISPOSITION

The stay issued December 8, 2021 is dissolved. The trial court's order summarily denying defendant's section 1172.6 petition is reversed. The matter is remanded to the superior court for further proceedings in accordance with section 1172.6.

_____
Margulies, J.

WE CONCUR:


_____
Humes, P. J.


_____
Banke, J.


A161794